UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY B. COONS,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No.: C08-347 CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

      Plaintiff Rodney Coons appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

      Plaintiff is a fifty-five year-old male, fifty-one years old at the alleged disability onset date. Plaintiff has a high school education, an Associate of Arts degree in corrections, and work experience as a correctional officer, a foundry worker, and a shingle bolt cutter.

      Plaintiff applied for SSI and DIB in September 2003, alleging disability since September 1998 due to back and neck pain. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing. An ALJ hearing was held before ALJ Schellebtrager on

ORDER - 1

August 10, 2006, which resulted in an unfavorable decision. The ALJ heard testimony from a medical expert and Plaintiff, who was represented by counsel, Kathryn C. Comfort, Esq. Administrative Record ("AR") at 854-914. The ALJ rendered an unfavorable decision on October 27, 2006 finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On March 6, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Coons bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 15, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of status post two cervical fusions in 1990 and 1999 and status post L5-S1 laminectomy and diskectomy in 1978 followed by an L5-S1 fusion in 1983. AR 15, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.* In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairments. AR at 20, Finding 4.

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff can perform a range of light work because he has the residual functional capacity to "lift and/or carry 20 to 25 pounds occasionally and 10 pounds frequently. He could stand and/or walk for about six hours in an eight-hour workday. He could occasionally perform activities requiring that he extend his neck to look overhead." AR at 20-21, Finding 5.

The ALJ next found that Plaintiff is unable to perform his past relevant work as a correctional officer. AR 24, Finding 6. If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform a range of light work including file clerk, general office/administrative clerk, and office helper. AR at 25. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. AR 26.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in finding Plaintiff does not meet or equal the SSA listing for spine disorders?
2. Did the ALJ err in assessing medical evidence or opinions?
3. Did the ALJ err in assessing Plaintiff's credibility?
4. Did the ALJ err in the hypothetical question to the vocational expert?

Dkt. No. 13.

///

## VI. DISCUSSION

*A.  The ALJ did not err in finding Plaintiff does not meet any listing.*

Plaintiff asserts that he meets or equals the SSA listed impairment for disorders of the spine, listing 1.04. Plaintiff argues that because he has a severe cervical condition due to surgical fusions, he equals the listing and should be found conclusively disabled. An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d). A boilerplate finding is insufficient to support a conclusion that an impairment does not meet a listing. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001), *citing Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) (holding ALJ erred by failing to consider evidence of equivalence to a listing).

Plaintiff argues he meets listing 1.04 based on the requirements of subsection (A)[2], evidenced by:

> [M]ultiple abnormalities of C spine on imaging studies, on-going muscle spasm in L lateral neck and L shoulder girdle muscles with marked rigidity of the neck and reduced ROM of the L shoulder, and muscle weakness with needle EMG changes compatible with old motor axonal injury involving primarily the C6 nerve route. (TR p. 481). Pain has been noted in the left side of the neck as well as the left upper extremity. (TR pp. 480, 587). He was found to have significantly decreased grip strength in the left compared to the right, sensory loss in the left upper extremity, and reflexes were absent in the upper extremities. (TR pp. 587, 601, 652-653). Mr. Coons was also experiencing increased parathesias over time. (TR p. 808).

Dkt. 13 at 9.

Plaintiff argues that even if his cervical condition alone does not meet the listing, the combination of his medical conditions meet or equal the listing. Specifically, Plaintiff believes that the combination of his cervical and lumbar conditions, or the combination of his cervical and

---

[2] Listing 1.04(A) provides in relevant part that a claimant may meet the listing for disorder of the spine resulting in compromise of a nerve root or the spinal cord, with: Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpart P, Appendix 1, Listing 1.04.

lumbar conditions combined with the right lower extremity, asthma, and migraine conditions, medically equal the listings. Dkt. 13 at 10.

The ALJ concluded Plaintiff's back and neck conditions were severe impairments but that they, alone or in combination, did not result in the motor loss contemplated in section 1.04. AR 20. The ALJ concluded that Plaintiff's motor impairments did not rise to the level of motor loss defined by the listing. The evidence Plaintiff cites indicates some muscle weakness and a reduction of strength and sensation; however, the listing specifies "loss" but does not specify a lesser reduction in functionality. Further, the ALJ found that Plaintiff's activities of daily living are not consistent with disability: he hunts elk and deer one week of the year, he breeds eight adult dogs, participates in a bowling league, and is self-sufficient in his care. AR 22. Based on this substantial evidence in the record, the Court finds the ALJ's determination that Plaintiff does not meet any listing not in error.

*B.     The ALJ did not err in assessing the medical evidence or opinions.*

Plaintiff asserts that the ALJ erred because he failed to give adequate weight to his treating physicians, doctors Frankel and Kriebel, who concluded Plaintiff is unable to work. Dkt. 13 at 11. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

Plaintiff argues that Dr. Frankel's opinion should be given more weight because he was Plaintiff's treating physician for over three years and repeatedly stated that Plaintiff was unable

to work in any capacity. The ALJ discussed in detail each of the physicians' opinions. With respect to Dr. Frankel, the ALJ noted:

> I assign little weight to the opinions of Dr. Frankel. In February 2000 she reported that it would be difficult for the claimant to work at a competitive level at present. However, Dr. Frankel indicated that this opinion was based upon her observations of the claimant filling out paperwork for his Worker's Compensation claim, which is a poor foundation for such an opinion (Exhibit 10F p.152). On June 21, 2000, Dr. Frankel opined that the claimant could perform the job of general office clerk on a full-time basis (Exhibit 7F p.32). She later opined that the claimant would be limited to sedentary or light physical demand activities assuming that it was "possible to re-introduce return to employment as a goal" (Exhibit 10F p.94). On December 11, 2001, Dr. Frankel opined that the claimant was not currently employable (Exhibit 10F p.74). It appears that Dr. Frankel based her opinions, in large part, on the claimant's own assessment of whether he could return to work. She prescribed narcotic pain medication in ever increasing doses despite that fact that this did not result in a significant decrease in the claimant's pain complaints. Several doctors of record commented that this was not justified, which renders Dr. Frankel's opinion less persuasive.

AR 23.

Plaintiff argues that Dr. Kriebel, his family doctor, also found he cannot work. With respect to Dr. Kriebel's opinion, the ALJ noted:

> I assign no weight to Dr. Kriebel's opinion that it was unlikely that the claimant [sic] unemployable even half time at any type of work due to restrictions on the ability to sit, stand, carry, lift, etc. (Exhibit 11F). Dr. Kriebel reported that the claimant had not seen a doctor in 4 years, which is not correct. He did not review any X-rays and did not see any of the medical records generated after 1999. Dr. Kriebel's examination was much less thorough than those performed by Dr. Stumpp, Dr. Champoux, and Dr. Weiss and his opinion is therefore entitled to less weight.

AR 24.

Plaintiff's assertion that the ALJ ignored these doctors' opinions is unfounded. The Court finds the ALJ gave specific and legitimate reasons for finding the opinions of doctors Frankel and Kriebel unpersuasive. The ALJ's findings were based on substantial evidence in the record and are therefore not in error.

///

///

## C. The ALJ did not err in assessing Plaintiff's credibility.

Plaintiff claims that the ALJ failed to make a proper credibility finding regarding his subjective pain complaints. Dkt. 13 at 15-17. Specifically, Plaintiff argues he has severe pain which is associated with the injuries to his cervical and lumbar spine and ankle, where he had surgeries. Absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by giving "specific, clear and convincing reasons" for the rejection. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d 821, 834 (9th Cir. 1995). "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). An ALJ may not discredit a claimant's pain testimony solely on the ground that it is not supported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

In this case, the ALJ noted specific evidence of Plaintiff's malingering: Plaintiff testified he quit smoking twelve years ago, however a medical record in 2001 showed he was smoking one and a half packs of cigarettes per day (AR 22); Dr. Champoux reported that Plaintiff performed neck range of motion more fully while being interviewed than during formal range of motion testing, indicating he was attempting to appear more limited (*Id.*); Plaintiff's physical therapist indicated that he would perform exercises without grimacing or slowness when distracted; correspondence from pain specialists and a vocational expert note that Plaintiff has a

disability conviction and a lack of cooperation (AR 23); Dr. Carl reported symptom magnification was evident on examination (*Id.*); Dr. Stumpp and others concluded that Plaintiff's motivation to return to work was poor; and the ALJ noted Plaintiff's Worker's Compensation benefits paid $2,682.00 per month, providing substantial disincentive for him to return to work. AR 23.

The ALJ next found that Plaintiff's testimony regarding his pain complaints is not convincing because: in 1999 Plaintiff reported that he did "a lot" of walking and said that he could lift 20 to 25 pounds; Plaintiff testified he could sit for an hour and a half and he appeared to sit without discomfort for that long at the hearing; Plaintiff only takes one Aleve per day for his allegedly severe pain; Plaintiff reported that he did laundry, vacuuming, shopping, and mowed his yard with a riding mower; Plaintiff is in a bowling league and bowls on Tuesdays and sometimes Saturdays; Plaintiff hunts for deer and elk for one week out of the year and goes fishing; Plaintiff raises beagles and keeps eight adult dogs for breeding purposes. AR 22. The ALJ also found significant that Dr. Weiss noted Plaintiff's hands were calloused, indicating he spends a good deal of time working with his hands, and that his arms and upper trunk were scratched, which Plaintiff attributed to raising the beagles. *Id.*

Plaintiff argues that he has help hunting and that he bowls in a modified squat position. However the Court notes that Plaintiff reports participating in a variety of moderately physically demanding activities, especially breeding dogs, which, although the record does not indicate whether he breeds them for hobby or income, it appears to be an activity and skill that Plaintiff could possibly adapt into an activity for economic gain, if he has not already.

The Court finds the ALJ determined, based on substantial evidence in the record, that Plaintiff's complaints of pain are less severe than he alleged. The ALJ's credibility assessment is supported by clear and convincing reasons, based on substantial evidence, and is free of legal error. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to great deference); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

///

D. *The ALJ did not err in the hypothetical question to the vocational expert.*

Plaintiff asserts the ALJ erred in presenting the hypothetical question to the vocational expert at the hearing because the ALJ stated the Plaintiff could lift 20 to 25 pounds on a regular basis, yet the ALJ had previously concluded he could only lift that amount of weight on occasion. The ALJ noted this error in the written decision:

> It is noted that the hypothetical presented to Mr. Prachyl [the testifying vocational expert] entailed lifting and carrying restrictions of 20 to 25 pounds regularly, which was understood to mean frequently. After reviewing the medical records submitted after the hearing, I have since concluded that the claimant can lift and/or carry 20 to 25 pounds occasionally rather than frequently (Exhibit 25F p.26). However, this is still consistent with light work as that term is defined within the regulations.

AR 25.

The ALJ corrected the error before incorporating it into the written decision. As the ALJ noted, the corrected lifting limitation is also consistent with light work, which is consistent with the jobs the vocational expert cited. Thus, because the original error was corrected by the ALJ and the correct limitations were included in the ALJ's decision, the error presented to the vocational expert is harmless.

Plaintiff also argues that the hypothetical question did not include limitations on crawling, climbing, and occasional bending and squatting, or acknowledge Plaintiff's claim that he gets migraine headaches with prolonged exposure to computer monitors. The ALJ discussed Plaintiff's complaints regarding looking at a computer screen but concluded he did not have a related severe impairment because the record did not support it. AR 20. The ALJ also found Plaintiff's headaches were not a severe impairment because he felt the symptom was exaggerated and unsupported by the record. *Id*. Although the ALJ did not include occasional crawling, climbing, bending and squatting limitations, the jobs the vocational expert provided in response, file clerk, general office/administrative clerk, and office helper, all have light exertional demands, do not require crawling or climbing, and require only occasional stooping and crouching. U.S. Department of Labor, *Dictionary of Occupational Titles*, (4th ed. 1991) §§ 206.387-034, 219.362-010, 239.567-010. The Court finds the ALJ's ultimate conclusion that

Plaintiff is not disabled, based in part on the hypothetical question and answer by the vocational expert, supported by substantial evidence in the record. Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed. *Bayliss*, 427 F.3d at 1214.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 29th day of September, 2008.

Carolyn R. Dimmick
United States District Judge